### International & Great Northern Railway Company
### v. Mrs. E. Vanden.
#### No. 548.

Appeal Bond—Sufficient.—An appeal bond made payable to "Mrs. E. Varden," when her name correctly was "Mrs. E. Vanden," is sufficient.    The bond being payable to plaintiff under a name which the record assigns to her, could be made as available to her as if her true name was given.

Appeal from Harris.    Tried below before Hon. John G. Todd, County Judge.

In this case Mrs. E. Vanden sued the receiver of the International & Great Northern Railroad in the Justice Court of precinct number 1 of Harris County to recover damages for the delay of certain baggage, received by the railroad company as a carrier of passengers and their baggage, to be carried from Houston, Texas, to Velasco, Texas.    The trial resulted in a judgment in favor of Mrs. E. Vanden, and defendant appealed to the County Court of Harris County.    The appeal bond given by defendant was made payable to "Mrs. E. Varden" when the real name of the plaintiff was "Mrs. E. Vanden."    On motion to quash said appeal bond in the County Court, on the ground that it was not made payable to the proper person, the motion was sustained, and

the appeal bond was quashed and the appeal dismissed, to which defendant excepted, and on the following day filed a motion to set aside the order dismissing the appeal, and also praying the court to allow the filing of a new bond correcting the error of the old bond. This last motion was overruled by the court, to which ruling defendant excepted and gave notice of appeal, but failing to perfect his appeal, resorted to a writ of error, and the case is brought to this court on that writ.

*Tackaberry & Tackaberry*, for plaintiff in error.—The appeal bond given in this case—which was made payable to defendant in error as plaintiff in error read her name upon the docket, which identified the judgment beyond a possibility of mistake, by giving the court in which it was rendered, its date, and amount, as well as its terms, and which correctly stated the name of the defendant below and had the file number of the suit indorsed upon the back thereof—was such a bond as could have been recovered upon by plaintiff below, and consequently conferred jurisdiction upon the County Court.

No brief for defendant in error has reached the Reporter.

WILLIAMS, ASSOCIATE JUSTICE.—In some parts of the record in the Justice Court the name of the plaintiff was given as "Varden," and in others as "Vanden," the latter being the true name. The justice docket and the judgment entry, as presented to us, shows the name written as "Varden." The appeal bond was made payable to Mrs. "Varden;" but otherwise the judgment was correctly described.

The appeal was dismissed, because the bond was not made payable to Mrs. "Vanden."

In view of the state of the record, we think the bond should be held sufficient. It is plain that the name was taken from the record, and the mistake was caused by the uncertainty of plaintiff's name, which arose therefrom. The error was one which should not be allowed to defeat the appeal. The bond being made payable to plaintiff under a name which the record assigns to her, could be made as available to her as if her true name were given. At most the error appears to be merely clerical, and should not be held to invalidate the appeal.

*Reversed and remanded.*

Delivered May 10, 1894.